UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OMAN GUTIERREZ,

                                       **Plaintiff,**                13-CV-1237S(Sr)

v.

**PAUL CHAPPIUS, et al.,**

                                       **Defendants.**

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #17.

Plaintiff, an inmate of the New York State Department of Corrections and Community Supervision ("NYSDOCCS"), filed this *pro se* action on or about December 31, 2013. Thereafter, plaintiff filed an Amended Complaint seeking relief pursuant to 42 U.S.C. § 1983 based upon allegations that his rights were violated when he was transferred to administrative segregative confinement upon his transfer to Attica Correctional Facility on December 30, 2011 without due process. Dkt. #4. Plaintiff further claims that his administrative confinement is based solely on a report prepared by defendant E. Demo, an investigator with NYSDOCCS which noted that while plaintiff was housed at Riker's Island in the custody of the New York City Department of Correction he was found to be in possession of numerous items of contraband,

including United States currency, shanks, razor blades, marijuana and tobacco. Presently pending is the plaintiff's Order to Show Cause seeking a temporary restraining order and a preliminary injunction. Dkt. #21.  Specifically, by his Order to Show Cause plaintiff is asking this Court to grant him a transfer from Attica Correctional Facility to another facility and further, to be placed in the general prison population and not in administrative segregation upon his arrival at a new correctional facility.  Dkt. #21. Moreover, plaintiff seeks to "be free from harassment by prison officials nor illegally being subjected to being placed back into confinement of administrative segregation." *Id*.  Defendants have filed opposition to the instant Order to Show Cause.  Dkt. #29.

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter."  *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).  "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons."  *Fisher v. Goord*, 981 F. Supp. 140, 167-68 (W.D.N.Y. 1997), *citing Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994).

"The purpose of a preliminary injunction is to prevent irreparable injury and preserve a court's ability to render a meaningful decision on the merits."  *Johnson v. Newport Lorillard*, No. 01 Civ. 9587, 2003 WL 169797 at *1 (S.D.N.Y. Jan. 23, 2003).  In most cases, a party seeking to obtain a preliminary injunction must establish that he will suffer irreparable harm in the absence of an injunction and demonstrate either: (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the

2

merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).

In addition, where an injunction is mandatory – that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act – the moving party must meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damage will result from a denial of the injunction. *Phillip v. Fairfield University*, 118 F.3d 131, 133 (2d Cir. 1997). "This heightened standard is also required where the issuance of the injunction would provide the movant with substantially all the relief he or she seeks and where the relief could not then be undone, even if the non-moving party later prevails at trial." *Id.* To demonstrate irreparable harm, the moving party must establish that without the preliminary injunction, he will suffer an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Murray v. New York*, 604 F. Supp.2d 581, 584 (W.D.N.Y. 2009).

As a threshold matter, the Court notes that plaintiff has failed to supply an affidavit in support of his Order to Show Cause and has, as a result, not offered this Court any facts to demonstrate that he will suffer irreparable harm in the absence of an injunction. Moreover, plaintiff has made no attempt to demonstrate either: (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor. Notwithstanding the fatal omissions from the plaintiff's

3

Order to Show Cause, this Court lacks the authority to order a transfer of the plaintiff into the general inmate population at another facility within the NYSDOCCS.

In a case that originated here in the Western District of New York, *Montanye v. Haymes*, 427 U.S. 236 (1976), the United States Supreme Court, on *certiorari*, in reversing and remanding the matter to the Second Circuit Court of Appeals, held that the federal courts could not interfere with the discretion of the then-New York State Commissioner of Corrections' discretion regarding inmate transfers and further, that such discretion rests solely with the Commissioner.

> We also agree with the State of New York that under the law of that state Haymes had no right to remain at any particular prison facility and no justifiable expectation that he would not be transferred unless found guilty of misconduct. Under New York law, adult persons are committed to the custody of the Commissioner of Corrections. He receives adult, male felons at a maximum-security reception center for initial evaluation and then transfers them to specified institutions. Thereafter, the Commissioner is empowered by statute to 'transfer inmates from one correctional facility to another.'

*Montanye*, 427 U.S. at 243. The Second Circuit Court of Appeals has later stated, citing the *Montanye* decision, "neither the Fourteenth Amendment independently nor New York law accords an inmate a liberty interest in remaining at a particular prison facility." *Sher v. Coughlin*, 739 F.2d 77 (2d Cir. 1984). Finally, this Court underscores a principle articulated by other courts within the Second Circuit, stating, "it is not the function of this court to micromanage the New York prison system or to second guess officials." *Bush v. Goord*, No. 03-CV-759S, 2009 WL 790358, at *6 (W.D.N.Y. Mar. 25, 2009), *citing*, *Sumpter v. Skiff*, No. 05-CV-868, 2008 WL 4518996, at *12 (N.D.N.Y. Sept. 30, 2008).

In opposition to plaintiff's Order to Show Cause, defendants' have submitted the Affidavit of Stewart T. Eckert, Deputy of Security at Attica Correctional Facility. Dkt. #29-1. In his affidavit, Deputy Eckert explains that all inmate inter-facility movement takes coordination on the part of the DOCCS Classification and Movement Unit in Albany. Dkt. #29-1, ¶4. With respect to plaintiff Gutierrez's specific housing and disciplinary history, Deputy Eckert states as follows:

> 7. A review of Plaintiff's disciplinary history indicates that he is a State-Wide Administrative Segregation unit inmate and has a central monitoring case or "CMC A" designation for placement. An inmate may receive this "CMC A" designation for many reasons, including the notoriety of their underlying cases, aspects of their crimes which could be considered particularly heinous, or that inmate could be identified as an escape risk. As stated above, this is important from a security standpoint and only the Classification Unit in Albany can approve a transfer for Mr. Gutierrez.
>
> 8. The reason Plaintiff has been placed on administrative segregation is because he is considered to pose a significant risk to the general population. Plaintiff is currently housed in our Special Housing Unit (SHU) as all administrative segregation inmates are housed in this part of the facility.

*Id.* at ¶¶7-8. In addition to his explanation of the process and procedure in place to orchestrate the movement or transfer of an inmate within DOCCS, attached to Deputy Eckert's Affidavit is a copy of plaintiff's disciplinary record indicating that his last reported misbehavior report was in August 2015. Dkt. #29-1, ¶9 and pp.5-7.

As set forth above, the ultimate issue raised in plaintiff's complaint and for a jury to decide is whether plaintiff's rights were violated when he was transferred to administrative segregative confinement upon his transfer to Attica Correctional Facility

on December 30, 2011 without due process. The administrative process for decisions concerning the facility in which plaintiff is housed and his designation for placement are matters to be left to the exclusive discretion of the NYSDOCCS Classification and Movement Unit in Albany, New York. Equally clear is the law which provides that there is no liberty interest in being held in a particular facility and accordingly, no corresponding cause of action under Title 42, United States Code, Section 1983 for being transferred out of a facility. Accordingly, for the foregoing reasons, this Court recommends that plaintiff's Order to Show Cause for a preliminary injunction and a temporary restraining order be denied.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

**DATED:**   **Buffalo, New York**
             **November 3, 2015**

<u>*s/ H. Kenneth Schroeder, Jr.*</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
