UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OMAN GUTIERREZ,

                                 **Plaintiff,**                  13-CV-1237S(Sr)

v.

PAUL CHAPPIUS, et al.,

                                 **Defendants.**
_____

## DECISION AND ORDER

Plaintiff, an inmate of the New York State Department of Corrections and Community Supervision ("NYSDOCCS"), filed this *pro se* action on or about December 31, 2013. Thereafter, plaintiff filed an Amended Complaint seeking relief pursuant to 42 U.S.C. § 1983 based upon allegations that his rights were violated when he was transferred to administrative segregation upon his transfer to Attica Correctional Facility on December 30, 2011 without due process. Dkt. #4.

Currently before the Court are plaintiff's motions for reconsideration of this Court's denial of appointment of counsel (Dkt. #38 & Dkt. #42), as well as his motion for appointment of counsel. Dkt. #52. In support of his motions, plaintiff reiterates his prior argument that he is unable to afford counsel and lacks the ability to communicate with the Court in English. Dkt. #38 & Dkt. #52. Plaintiff also references his physical and mental condition in support of his request for appointment of counsel. Dkt. #38 & 52.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his or her claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). For this reason, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying


dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his [or her] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2dCir. 2001) (denying counsel on appeal where the petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Notwithstanding plaintiff's illiteracy and inability to speak English, plaintiff has consistently demonstrated a capacity to communicate the factual basis of his claims to the Court through the assistance of other inmates. It is the Court's understanding that plaintiff will be able to access the assistance of a Spanish speaking inmate at the law library at the Great Meadow Correctional Facility as well. Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. Plaintiff's motions (Dkt. ##38, 42 & 52), are denied without prejudice.

**SO ORDERED.**

DATED:   Buffalo, New York
         August 10, 2016

                                       <u>s/ H. Kenneth Schroeder, Jr.</u>
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**